IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DIANN MARTIN, et al.,

          Plaintiffs,

v.                                      CIVIL ACTION NO.   2:12-cv-01495

ETHICON, INC., et al.,

          Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is Defendants' Motion for Summary Judgment [ECF No. 51] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**.

I.      **Background**

This action involves Kentucky co-plaintiffs, one of whom was implanted with Tension-free Vaginal Tape ("TVT"), a mesh product manufactured by Ethicon, by Dr. Robert Kupper at Western Baptist Hospital in Paducah, Kentucky on April 15, 2004. Am. Short Form Compl. [ECF No. 14] ¶¶ 1–12. The case resides in one of seven MDLs assigned to the Honorable Joseph R. Goodwin by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This individual case is one

of a group of cases that the Clerk of the Court reassigned to me on November 22, 2016. [ECF No. 67]. In the seven MDLs, there are approximately 28,000 cases currently pending, nearly 17,000 of which are in the Ethicon MDL, MDL 2327.

Prior to the reassignment, in an effort to manage the massive Ethicon MDL efficiently and effectively, Judge Goodwin decided to conduct pretrial discovery and motions practice on an individualized basis. To this end, Judge Goodwin ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02327, Nov. 20, 2015, http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. Once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. The court selected this case as an "Ethicon Wave 2 case."

II. Legal Standards

 A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the

court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To discharge this burden, the moving party may produce an affidavit to demonstrate the absence of a genuine issue of material fact. *See id.* The moving party, however, is not required to do so and may discharge this burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325; *see also Pumphrey v. C.R. Bard, Inc.*, 906 F. Supp. 334, 336 (N.D. W. Va. 1995). If the moving party sufficiently points out to the court those portions of the record that show that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to come forward with record evidence establishing a genuine issue of material fact. *Pollard v. United States*, 166 F. App'x 674, 678 (4th Cir. 2006) (citing *Celotex, Corp.*, 477 U.S. at 325).

Should the burden shift, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor.

3

*Anderson*, 477 U.S. at 256. The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Id.* at 252. Likewise, conclusory allegations or unsupported speculations, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997). Summary judgment is therefore appropriate when, after adequate time for discovery, the moving party first discharges the initial burden and then the nonmoving party does not make a showing sufficient to establish a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 322–23.

### B. Choice of Law

The parties agree that Kentucky choice-of-law principles apply to this case and that these principles compel the application of Kentucky law to the plaintiffs' claims.

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (citations omitted). To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the

4

jurisdiction where a plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010). If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, I consult the choice-of-law rules of the state in which the product about which Plaintiff is making a claim was implanted. *See Sanchez v. Bos. Sci. Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014). Plaintiffs filed this case directly into the MDL in the Southern District of West Virginia, and the implant surgeries took place in Kentucky. Therefore, I use Kentucky's choice-of-law rules to determine which state's law to apply to this case.

Kentucky courts apply a "significant contacts" test for tort claims. *See Foster v. Leggett*, 484 S.W.2d 827, 829 (Ky. 1972). Under this rule, "significant contacts—not necessarily the most significant contacts" permit the application of Kentucky law. *Id.*; *see Breeding v. Mass. Indem. and Life Ins. Co.*, 633 S.W.2d 717, 719 (Ky. 1982) (stating that "any significant contact with Kentucky [i]s sufficient to allow Kentucky law to be applied"); *see also Bonnlander v. Leader Nat. Ins. Co.*, 949 S.W.2d 618, 620 (Ky. 1996) (applying Kentucky law, based on a finding of "significant contacts" with the forum, even though the plaintiff's claimed exposure to asbestos allegedly occurred

5

at the defendant's Indiana plant). Here, Kentucky is where the plaintiffs reside, where both the Prolift and TVT-S implant surgeries took place, and where their claimed injuries occurred. Thus, I **FIND** that Kentucky has significant contacts with this case, and I apply Kentucky law.

III. Analysis

Ethicon argues it is entitled to summary judgment because the relevant statutes of limitations bars certain claims. Ethicon also argues it is entitled to summary judgment because the plaintiffs' claims are without evidentiary or legal support.

### A. Conceded Claims

In response, the plaintiffs concede that they are no longer pursuing the following claims: Count II (Manufacturing Defect), Count IV (Strict Liability – Defective Product), Count X (Negligent Infliction of Emotional Distress), Count XI (Breach of Express Warranty), and Count XII (Breach of Implied Warranty). Accordingly, Ethicon's Motion regarding those claims is **GRANTED**. With respect to the remaining claims, the plaintiffs argue that summary judgment is not warranted because genuine issues of disputed material fact exist.

### B. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims challenged by Ethicon, including timeliness under the Kentucky statute of limitations. Accordingly, Ethicon's Motion as to all remaining

6

claims is **DENIED**.

IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 51] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion for Summary Judgment is **GRANTED** with regard to the following claims: Count II (Manufacturing Defect), Count IV (Strict Liability – Defective Product), Count X (Negligent Infliction of Emotional Distress), Count XI (Breach of Express Warranty), and Count XII (Breach of Implied Warranty). Ethicon's Motion for Summary Judgment is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 12, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE